OPINION
PER CURIAM.
Caleb Malek Beyah filed this civil rights action pursuant to 42 U.S.C. § 1983 against the New Jersey State Parole Board following an adverse parole decision. In his complaint, Beyah argued that the Board’s decision was “without legal justification,” and that he should have been granted parole “on grounds of [his] advan-cemets [sic] and mental, and spiritual changes.” The District Court granted Be-yah’s application to proceed in forma pau-peris. The District Court then dismissed the complaint without prejudice[1] pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(l) because its only identifiable claim was Heck-barred. The District Court declined to construe the complaint as a petition for habeas corpus pursuant to 28 U.S.C. § 2254 “[b]ecause of the negative consequences that flow from the filing of such a petition.” Beyah appealed.
We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s sua sponte dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000). Having granted Beyah leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
The doctrine of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), precludes § 1983 claims whose success “would necessarily imply the invalidity” of a conviction or sentence that has not already been reversed, expunged, declared invalid, or called into question by a federal court’s issuance of a writ of habeas corpus. Id. at 487, 114 S.Ct. 2364. The District Court properly concluded that this doctrine applies to Beyah’s § 1983 action, as *171 none of the aforementioned prerequisites is present in his case.
Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

. The District Court noted that its dismissal, though without prejudice, "is meant to finally resolve the matter."